UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIANNA BAILEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | **1:15-cv-942-GSA**<br><br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br><br>(Doc. 1) |

**I.　INTRODUCTION**

Plaintiff, Leianna Bailey ("Plaintiff"), is proceeding pro se and filed a complaint (the "Complaint") on June 23, 2015. (Doc. 1).  In the complaint, Plaintiff is challenging a denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  As discussed below, the Complaint will be dismissed because it fails to state a claim.  However, Plaintiff is granted leave to amend and she may file a First Amended Complaint ("FAC") to remedy the deficiencies outlined below.

**II.　DISCUSSION**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the FAC fails to state a claim, it must be dismissed. *Id.*  Leave to amend

1

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

### A.  Plaintiff's Complaint

In the complaint, Plaintiff alleges that she applied for DIB and SSI and that her applications were denied on that basis that "[p]laintiff lacked the requisite disability." (Doc. 1, pg. 2).  Plaintiff has not provided any information regarding the dates her applications were filed, however, she indicates that an Administrative Law Judge ("ALJ") issued a decision denying her applications, and that the Appeals Council issued a final decision denying her applications in October 2013.  Plaintiff alleges the denials are not supported by substantial evidence. Accordingly, she requests that this Court find that she is disabled, or alternatively, that the Court order that the case be remanded to the Social Security Administration for further proceedings. *Id*.

### B.  Rule 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.  Here, although Plaintiff indicates that

2

the agency decision is not supported by substantial evidence, she has failed to articulate any facts to support this assertion.  Plaintiff must explain the basis for this conclusion in more detail in any amended complaint.  In doing so, Plaintiff is reminded that this Court can only review a final decision by the Social Security Administration to determine whether: (1) it is supported by substantial evidence; and (2) it applied the correct legal standards. *Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008).

### C.     *Untimely Complaint*

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must first also set forth a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  Judicial review of the Appeals Council and other Social Security decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
>
> 42 U.S.C. §§ 405(g) and (h).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987).   As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day).

A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process in which Plaintiff must exhaust her administrative remedies. Once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909. If the Administration issues an adverse decision, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ then issues an adverse decision, an appeal may be filed with the Social Security Appeals Council. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a Claimant can file a complaint in the United States District Court. This complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

Therefore, in order to seek judicial review of a denial of Social Security benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. This is a jurisdictional requirement to challenge the ALJ's decision; if Plaintiff did not follow the correct procedure with respect to the appeal of the decision, the Court is unable to consider her challenge. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases").

In this instance, Plaintiff alleges that the Appeals Council issued its decision denying benefits in October 2013, and Plaintiff did not file the instant complaint until June 2015. (Doc. 1). Therefore, the filing of Plaintiff's complaint appears to be untimely. Plaintiff is advised that if the information supplied in the complaint is correct, this action may be dismissed for lack of subject matter jurisdiction.

### D.     *Equitable Tolling*

In certain *rare* instances, the sixty day statute of limitations can be excused. For example, Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of

tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen*, 476 U.S. at 479-82.  The Eighth Circuit, in *Turner v. Bowen*, explained that "[g]enerally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  In *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481. Likewise, in *Vernon v. Heckler*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended.  *Vernon*, 811 F.2d at 1275.  In contrast however, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action.  *Turner*, 862 F.2d at 709.

Plaintiff is advised that if she did not file this complaint within the sixty day period after receiving an adverse decision from the Appeals Council, she would need to articulate facts similar to those outlined in the cases above in order to establish this Court's jurisdiction.

### III.   LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the complaint to address the issues identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### IV.   ORDER

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if she believes her claims are cognizable. Any amended complaint

shall be filed no later than **October 2, 2015**.  *Plaintiff is advised that failure to file an amended complaint by the date specified will result in dismissal of this action.*

IT IS SO ORDERED.

    Dated:  **August 12, 2015**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE